UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRINGA LIMA SADRIU,

                Plaintiff,           Case No:

   -against-                          **JURY TRIAL DEMANDED**

TARGET CORPORATION and ALLIED AUSTIN LLC

                Defendants.
------------------------------------------------------------------------X

## NOTICE OF REMOVAL

      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, TARGET CORPORATION (hereinafter "TARGET"), by the undersigned counsel, hereby removes to this Court the above captioned action, which was pending against it in the Supreme Court of the State of New York, County of New York.  Removal is based on the following grounds:

      1.     On or about March 17, 2021, Plaintiff, TRINGA LIMA SADRIU, filed a civil action against TARGET CORPORATION in the Supreme Court of the State of New York, County of Queens, docketed as Index No. 706137/2021 (hereinafter the "Lawsuit").

      2.     On or about March 29, 2021, TARGET was served with a copy of the Summons and Verified Complaint in this Lawsuit via State of New York, Department of State, Division of Corporations.  A true and accurate copy of the Summons, Verified Complaint and Affidavit of Service upon the Secretary of State is attached as **Exhibit A**.

      3.     This Notice of Removal is being filed by TARGET pursuant to 28 U.S.C. § 1446(2) more than thirty days after service of a copy of the Summons and Verified Complaint because the pleadings do not specify the amount in controversy and a good faith effort has been made to verify

the alleged injuries. Further, the Plaintiff has agreed both in writing and verbally to several extensions of time to answer the action while we attempted to ascertain the amount in controversy.

4. In this Lawsuit, Plaintiff asserts causes of action against TARGET and ALLIED AUSTIN, LLC., based upon negligence.

5. The Lawsuit alleges that as a result of TARGET and ALLIED AUSTIN, LLC's negligence, "within the premises of Defendant, Target Corporation, located at 7000 Austin Street in the County of Queens, State of New York, the Plaintiff was cause to slip and fall." (Verified Complaint at ¶ 33).

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 due to complete diversity among the parties' citizenship (see below) and because the amount in controversy allegedly exceeds $75,000 exclusive of interest and costs.

**Diversity Jurisdiction Exists/Fraudulent Joinder**

7. Plaintiff resides in the County of Queens, and therefore is a citizen of the State of New York. (*See* Summons).

8. Defendant TARGET is a Minnesota business corporation and has its principal place of business in Minneapolis, Minnesota. Target is not a citizen of the State of New York nor do they have principal places of business in New York. No change in the place of incorporation or principal place of business of TARGET has occurred since the commencement of this Lawsuit. (Verified Complaint at ¶ 9). While Defendant ALLIED AUSTIN LLC is a New York Corporation, the involvement of ALLIED AUSTIN LLC in this matter is a "fraudulent joinder" solely for the purposes of attempting to defeat diversity jurisdiction. ALLIED AUSTIN LLC is the developer and owner of the land upon which the TARGET Store was built. ALLIED AUSTIN has never

had any control over the operations and maintenance of the interior of the store.  Annexed is lease memorandum the rights and responsibilities of the parties." **See Exhibit B**.

Accordingly, there is no possible recovery against ALLIED AUSTIN LLC on the cause of action alleged under New York law and accordingly the joinder is fraudulent under the removal analysis.  See Basso v. Miller 40 NY 2d 233, NYS 2d 564 (1976); Butler v. Rafferty 100 NY 2d 265 (2003) and Felipe v. Target Corp. (2008 SDNY) 572 F. Supp. 2d 455.

**Amount In Controversy Exceeds $75,000**

9. Plaintiff seeks unspecified damages for personal injuries suffered at a TARGET store when "within the premises of Defendant, Target Corporation, located at 7000 Austin Street in the County of Queens, State of New York.

10. Plaintiff alleges that as a result of the negligence of the defendants she "was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time." **See Exhibit A.**

11. The complaint also states that "Plaintiff demands the following judgment against the defendants for an amount which exceeds the jurisdictional limits of all other Courts which would otherwise would have jurisdiction herein" **See Exhibit A.**

10. These damages, if proved, satisfy the amount in controversy requirement as they will result in damages that exceed $75,000.  On April 9, 2021, Plaintiff's counsel was requested to stipulate that the recovery for damages would be capped at $75,000 and that TARGET would forego their request for removal.  This was initially done via telephone.  Thereafter, on May 5th a written stipulation was proposed to extend the time to answer and/or remove to federal court to June 5th. **See Exhibit "C"**.  Thereafter, Plaintiff's counsel was provided with a request to cap

damages, discontinue against ALLIED AUSTIN LLC and/or advise of their refusal to do so. **See Exhibit "D"**. Despite daily emails & phone calls Plaintiff's counsel has refused to provide any response. Plaintiff's counsel refuses to respond to defendant TARGET's requests, thus explaining both the delay and the need to represent the fraudulent joinder to the court.

11. In Felipe v. Target Corp., the Court held that the plaintiff similarly fraudulently joined the owner of the parcel of land on which a Target store was located to defeat diversity jurisdiction. 572 F Supp 2d 455 (2008). Like the present case, the plaintiff did not specify the amount of damages in her complaint and stated that he has been "injured and suffered damages in a sum of money having a present value that exceeds the jurisdictional limits of all [New York state] lower courts....". Id. The Court cited to Juarbe v. Kmart Corp., 05 Civ. 1138, 2005 WL 1994010 (S.D.N.Y. Aug.17, 2005), where the plaintiff also did not specify an amount of damages in the Complaint, but alleged "severe and serious personal injuries to mind and body, great physical pain and mental anguish, and severe nervous shock". Id. at 1. The Court in *Jurabe* also found that plaintiff's failure to return the defendant's stipulation to limit recovery to $75,000 as evidence that the case was worth more than $75,000. Id. For the reasons set forth above, the Court in Jurabe found the amount in controversy to exceed $75,000. Id.

12. In the present case, plaintiff alleges that she sustained serious injuries and has likewise refused to return the defendant's stipulation to limit recovery to $75,000. Accordingly, the amount in controversy exceeds $75,000. See Felipe v. Target Corp. (2008, SD NY) 572 F Supp 2d 455. The co-defendant ALLIED AUSTIN LLC has been notified of this and has concurred.

13. This Lawsuit is, therefore, a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant

Molod Spitz & DeSantis, P.C.

to the provisions of 28 U.S.C. §§ 1441 and 1446.  Furthermore, removal to this judicial district and division is proper pursuant to 28 U.S.C. § 1441(a) as this is the district and division embracing County, Queens, where the Lawsuit is pending.

14.  This Notice is accompanied by copies of all process, pleadings and orders served upon defendant in this action.

15.  Promptly after this filing, this Notice of Removal will be served on Plaintiff, and TARGET will file a copy of this Notice of Removal with the Clerk of Court for the Supreme Court for the State of New York, County of New York.

16.  This Notice is signed in accordance with Federal Rule of Civil Procedure 11.

WHEREFORE, Defendant **TARGET CORPORATION** respectfully removes the Lawsuit to this Court.

Dated: New York, New York
June 23, 2021

By: *Alice Spitz*
ALICE SPITZ (AS 5155)
MOLOD SPITZ & DeSANTIS, P.C.
1430 Broadway, 21st Floor
New York, NY 10018
Tel: (212) 869-3200
Our File No: TARG-566
Email: aspitz@molodspitz.com

Attorneys for Defendant
TARGET CORPORATION